[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 01-2760

TONY JOHNSON,

Plaintiff, Appellant,

v.

CUMBERLAND FARMS, INC., ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

---

Tony Johnson on brief pro se.
Tony Royall Smith, Christopher J. Campbell and Jackson, Lewis,
Schnitzler & Krupman on brief for appellees.

---

August 23, 2002

---

**Per Curiam**. After carefully reviewing the briefs and record on appeal, we affirm substantially for the reasons stated by the district judge.

We emphasize only that the appellant never offered any evidence about the waiver's actual consequences for hiring at Cumberland Farms. His speculative reasoning was insufficient to survive summary judgment. After all, the issue was not whether such a waiver could be discriminatory under some circumstances, but whether Cumberland Farms actually discriminated. Minimally, the appellant needed to produce some non-speculative evidence about actual and expected rates of minority applicants or employees at Cumberland Farms.

Although the appellant tends to suggest that the waiver was illegal as a matter of law, he provides no pertinent authority. In Griggs v. Duke Power Company, 401 U.S. 424 (1971), unlike the present case, the plaintiffs showed, *inter alia*, that the challenged policy was actually detrimental to minority employees. In addition, the appellant makes no showing that employers are prohibited from seeking information from third parties under either M. G. L. c. 151B, § 4(9) or M. G. L. c. 6, § 172. *See* Bynes v. School Committee of Boston, 411 Mass. 264 (1991).

Affirmed. Loc. R. 27(c).